IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAVEDRICE LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-155-WKW |
| | ) | [wo] |
| TERRY TEW, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, entered 3/24/17). For the reasons discussed below, the Magistrate Judge recommends this case be dismissed and remaining motions be DENIED as moot.

### I. BACKGROUND

This complaint was filed by Lavedrice Lett ("Plaintiff" or "Lett") on March 17, 2017. *See* Doc. 1. Plaintiff – who proceeds *pro se* – asserts claims under the Fair Housing Act, requests an extended stay at the rental property, certain repairs to be completed at the rental property, and $500,000 in monetary damages. In short, she requests both injunctive and declaratory relief. The Court granted her motion to proceed *in forma pauperis*. *See* Doc. 5. Defendant Terry Tew also proceeds *pro se* and filed his answer on April 4, 2017. The one-sentence answer denies all claims set forth in Plaintiff's complaint. *See* Doc. 8. On May 8, 2017, Plaintiff filed two motions: "Motion to Vacate Eviction and Stay Writ of Execution" (Doc. 9) and "Motion to Stay" (Doc. 10). Both motions request that this Court set aside the eviction proceedings in Geneva County, Alabama District Court and allow her to remain at the home in Geneva County ("rental

property") until August 31, 2017.

Based on her complaint and the motions, the Court entered a show cause order because jurisdictional questions had been raised by the ongoing state court proceedings. *See* Doc. 11. The order provided reference to the applicable law and instructed Plaintiff to respond to why her case should not be dismissed pursuant to the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny. The Court also encouraged both parties to seek legal counsel to aid in the prosecution and defense of the case. The copy of the order sent to Plaintiff was "returned to sender-unclaimed." With an additional month passing with no further word from Plaintiff, the Court entered an order directing Plaintiff to update the Court with her updated address and to respond to the prior order. The Court stated:

> The plaintiff is specifically cautioned that if she fails file a response as required by this order, the court will treat her failure as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this case be dismissed.

*See* Doc. 12. No response was filed to the second order and Plaintiff has filed no additional pleadings with the Court.

## II. JURISDICTION

Lett asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as she brings claims under 42 U.S.C. §§ 3601-3619 (Fair Housing Act). The parties do not contest personal jurisdiction or venue and there are adequate allegations to support both.

## III. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx 863, 864 (11th Cir. 2008). Although the court is required to liberally construe a *pro se* litigant's pleadings, "this leniency does not give a court

license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

Additionally, because the Plaintiff proceeds *in forma pauperis*, the Court has an ongoing requirement to conduct a review to determine whether the claims are frivolous, malicious, or fails to state a claim on which relief may be granted under to 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**A.** ***Younger* abstention doctrine**

The Court operates under an independent obligation to examine its own jurisdiction at each stage of the proceedings, even if no party raises the jurisdictional issues and the parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990). As an attachment to her motion to vacate eviction, Plaintiff shows an April 21, 2017 order from the Geneva County District Court wherein the Court granted Defendant's request for eviction of Plaintiff.

"*Younger* abstention is a judicial doctrine, named for *Younger v. Harris*, 401 U.S. 37, 91 S.

Ct. 746, 27 L. Ed. 2d 669 (1971), where the Supreme Court recognized a limited exception to a federal court's 'virtually unflagging obligation' to exercise its jurisdiction when 'extraordinary circumstances' counsel abstention in favor of pending state proceedings." *Seminole Tribe of Fla. v. Stranburg*, 799 F.3d 1324, 1344 n. 15 (11th Cir. 2015) (citation omitted). "*Younger* and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases – *already pending in state court* – free from federal court interference." *Butler v. The Ala. Judicial Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001) (emphasis added). Relatively recently, the United States Supreme Court has emphasized that circumstances warranting *Younger* abstention are "exceptional," and the mere pendency of parallel state proceedings is not itself a bar to federal court litigation. *Sprint Commc'ns., Inc. v. Jacobs*, --- U.S. ---, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013). Exceptional circumstances include "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Id*. (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989)); *see also Dandar v. Church of Scientology Flag Serv. Org.*, 619 Fed. Appx. 945, 947 (11th Cir. Aug. 10, 2015) (citing *Sprint* and the three type of exceptional circumstances where *Younger* may apply). The Supreme Court determined these three categories define *Younger's* scope. *Sprint Commc'ns.*, --- U.S. at ---, 134 S. Ct. at 591.

Once the Court finds one of these three circumstances present, then the Court moves to the additional factors to consider. *Id*. at 593 (citing *Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)). These *Middlesex* factors include circumstances in which there is an ongoing state judicial proceeding that implicates

important state interests and provides an adequate opportunity to raise federal challenges. *Dandar*, 619 Fed. Appx. at 948.

However, even if one of the three categories is applicable and the *Middlesex* factors favor abstention, *Younger* abstention still is not appropriate when "(1) there is evidence that the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where constitutional issues can be raised." *Id*. (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004)). "To establish the bad faith exception, a litigant must make a substantial allegation that shows actual bad faith. A litigant shows irreparable injury if a state law is flagrantly and patently violative of express constitutional prohibitions. Finally, litigants need only be afforded an opportunity to fairly pursue their constitutional claims in state court in order for Younger abstention to be appropriate." *Id*. (internal quotations and citations omitted).

Applying the above legal framework to the case at hand, the Court finds that the *Younger* abstention doctrine is applicable in this case. The case presented by Plaintiff implicates the third example as eviction proceedings are a judicial function and a case ongoing in Geneva County District Court. In applying the *Middlesex* factors, the Court also finds that Plaintiff has the opportunity to raise her constitutional challenges in the ongoing eviction proceedings and there is no evidence of bad faith. While eviction is certainly a hardship, the state court proceedings are designed for the very purpose Plaintiff seeks – challenging her eviction. Based on the above, the Court finds dismissal appropriate.

**B.      Failure to Prosecute**

This case also merits dismissal for failure to prosecute. On May 15, 2017, the Court entered its order that Plaintiff show cause why this case should not be dismissed pursuant to the

*Younger* doctrine. *See* Doc. 11. No response was filed and the order was sent back on June 7, 2017 as "return to sender, unclaimed." On July 12, 2017, the Court entered an order directing that Plaintiff shall update the Court with her current address by July 27, 2017 and a second opportunity to address the administration of this case. *See* Doc. 12. The plaintiff was specifically cautioned that the failure to comply with this order would result in the court treating the claims as abandoned with a recommendation that this case be dismissed for failure to prosecute. *Id.* The plaintiff has filed nothing in response to this order.

In short, the Plaintiff has done nothing in furtherance of her case since her last action in this case in May 2017. While that may be because she was ultimately evicted, it still remains Plaintiff's responsibility to keep the Court apprised of her current address. There have been no responses to the Court's orders and the Court adequately warned Plaintiff of the consequences of not responding. In light of Plaintiffs' failure to comply with the court orders issued on May 15, 2017 and July 12, 2017, the Court concludes that Plaintiff has abandoned her claims. "[E]ven a non-lawyer should realize the peril to her case, when she . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

## IV. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice pursuant to the *Younger* abstention doctrine and for failure to prosecute this action. Additionally, any remaining motions should be **DENIED as moot**.

Additionally, it is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **September 1, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 18th day of August, 2017.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE